ILENE J. LASHINSKY (#003073)
United States Trustee
District of Arizona

PATTY CHAN (#027115)
Trial Attorney
230 N. First Ave., Suite 204
Phoenix, Arizona 85003-1706
Email: patty.chan@usdoj.gov
Phone: (602) 682-2633
Cell: (202) 306-6181

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>NEDDY, LLC,<br>  *dba* FORTRESS ASPHALT,<br><br>Debtor. | In Proceedings under Chapter 11<br><br>Case No. 2:25-bk-01459-BKM<br><br>**MOTION TO CONVERT OR DISMISS CASE** |

      The United States Trustee for the District of Arizona (the "**UST**"), in furtherance of her administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a)[1], hereby respectfully moves this Court to enter an order to have this case either dismissed or converted to a proceeding under chapter 7 of the Bankruptcy Code.

      This motion is supported by the entire record of this case and the grounds more specifically set forth in the attached Memorandum of Points and Authorities.

---

[1] Unless otherwise indicated, all chapter, section, federal bankruptcy rule, and local bankruptcy rule references are to the Bankruptcy Code (the "**Bankruptcy Code**"), 11 U.S.C. §§ 101-1532, the Federal Rules of Bankruptcy Procedure (the "**Rules**"), Rules 1001-9037, and to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Arizona (the "**Local Rules**").

RESPECTFULLY SUBMITTED this 24th day of February, 2026.

ILENE J. LASHINSKY
United States Trustee
District of Arizona

 /s/ PC (#027115)
PATTY CHAN
Trial Attorney

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.    FACTUAL BACKGROUND**

1. Neddy, LLC *dba* Fortress Asphalt ("**Debtor**") filed its voluntary petition under chapter 11 of the bankruptcy code on February 22, 2025 ("**Petition Date**").

2. On February 25, 2025, the UST appointed Joseph Cotterman as the subchapter V trustee ("**Subchapter V Trustee**")

3. On May 22, 2026, Debtor filed its *Plan of Reorganization dated May 22, 2025* (the "**Plan**"). ECF No. 78.

4. On September 15, 2025, the Plan was confirmed by the Court pursuant to § 1191(a). ECF No. 140. Because the Plan was confirmed pursuant to § 1191(a), Debtor received its discharge on the Effective Date of the Plan, which pursuant to the Plan was September 15, 2025. Plan, p. 5, at ¶ 16.

5. Debtor, through counsel, agreed with the UST to keep the case open for at minimum of three (3) months to address the UST's concerns about feasibility. *See Id.* at ¶ 17.

6. Afew months later and during the week of February 9, 2026, Debtor, through counsel, informed the UST that Debtor was no longer able to continue operating and was unable to remain current on its Plan payments.

7. Upon information and belief, the UST understands and asserts that within three month after confirmation, Debtor defaulted and would be unable to cure the December 2025

payment on one of two loans owed to its secured creditor The Huntington National Bank (the "**Bank**").

B.  **LEGAL ANALYSIS**

Pursuant to § 1112(b) of the Bankruptcy Code, a Bankruptcy Court may dismiss or convert a chapter 11 case for "cause." The enumerated grounds for dismissal or conversion to chapter 7 are set forth in 11 U.S.C. § 1112(b) and include:

> . . .
>
> (N) material default by the debtor with respect to the confirmed plan;
>
> . . . .

11 U.S.C. § 1112(b)(4).

Dismissal or conversion is appropriate if "cause" exists and is "in the best interests of creditors," unless this Court determines the appointment of a trustee or an examiner is in the best interests of creditors under §§ 1104(a) and 1112(b)(1); *In re Bronson*, No. BAP AZ-12-1320-MKDJU, 2013 WL 2350791, at *8 (B.A.P. 9th Cir. May 29, 2013) (noting to determine whether cause existed, the court must balance "the debtor's continuing desire to remain in chapter 11 against the prospects for a successful reorganization"). "The movant bears the burden of establishing by a preponderance of the evidence that cause exists." *In re Baroni*, 36 F.4th 958, 966 (9th Cir. 2022) (*citing In re Sullivan*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014)). Although § 1112(b)(4) specifically provides a list of what would establish "cause," the statutory list is not exhaustive. A court may consider other factors and equitable considerations in order to reach an appropriate result in the individual case. *In re St. Paul Self Storage Ltd. P'ship*, 185 B.R. 580, 582 (B.A.P. 9th Cir. 1995); *In re Kerr*, 908 F.2d 400, 404 (8th Cir. 1990); *In re Prod. Int'l Co.*, 395 B.R. 101, 109 (Bankr. D. Ariz. 2008). One ground for cause is sufficient standing alone. *In re Reagan*, 403 B.R. 614, 621 (B.A.P. 8th Cir. 2009), *aff'd,* 374 F. App'x 683 (8th Cir. 2010); *In re Creekside Sr. Apartments, L.P.*, 489 B.R. 51, 60 (B.A.P. 6th Cir. 2013). In addition to considering what is in the best interest of creditors and the estate, "bankruptcy courts have broad discretion in deciding whether to grant relief under § 1112(b)(1) even where cause is

established." *Baroni,* 36 F.4th at 966 (citing *In re Consol. Pioneer Mortg. Entities*, 264 F.3d 803, 806-07 (9th Cir. 2001)).

The UST asserts that sufficient cause exists to grant this Motion under any of the foregoing elements of 11 U.S.C. § 1112(b). The Debtor's Plan was consensually confirmed pursuant to § 1191(a). Generally, debtors file a *Notice of Substantial Consummation* pursuant to § 1183(c)(2) within a few weeks after its Effective Date; the Effective Date of Debtor's Plan is September 15, 2025. Debtor held its case open due to the UST's concerns about feasibility, which was added as a provision of the Plan and ordered by the Court pursuant to Debtor's confirmed Plan.

Despite the Debtor's Plan possibly having been substantially consummated, the U.S. Court of Appeals for the Ninth Circuit has found a "material default" exists when the debtor is unable to make payments under the plan. "Ensuring that payments to creditors are made is essential to effectuating the reorganization plan and accomplishing Chapter 11's policy objectives." *Baroni*, 36 F.4th at 967 (*citing In re Greenfield Drive Storage Park,* 207 B.R. 913, 916–17 (B.A.P. 9th Cir. Apr. 2, 1997); *In re Warren,* No. BAP EC-14-1390, 2015 WL 3407244, at *5 (B.A.P. 9th Cir. May 28, 2015)). "Factors relevant to determining whether missed payments are a material default of the plan include the number of missed payments, the number of aggrieved creditors, and how long the default occurred." *Baroni*, 36 F.4th at 967.

Debtor's failure to continue to make payments to the Bank 3 months into a 3-year Plan because it has or will be ceasing operations is a material default. As such, the UST respectfully requests this Court grants the UST's Motion and dismiss or convert this case for "cause."

RESPECTFULLY SUBMITTED this 24th day of February, 2026.

        ILENE J. LASHINSKY
        United States Trustee
        District of Arizona

        /s/ PC (#027115)
        PATTY CHAN
        Trial Attorney

Copies of the foregoing e-mailed on February 24, 2026 to:

ALAN A. MEDA
Burch & Cracchiolo PA
1850 N. Central Ave., Suite 1700
PHOENIX, AZ 85004
Email: ameda@bcattorneys.com
Debtor's Counsel

JOSEPH ELDON COTTERMAN
5232 West Oraibi
GLENDALE, AZ 85308
Email: cottermail@cox.net
Subchapter V Trustee

Womble Bond Dickinson (US) LLP
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Dorie Arthur
Daniel Crane
Katerina Grainer
Email: dorie.arthur@wbd-us.com
Email: Dan.Crane@wbd-us.com
Email: Katerina.Grainger@wbd-us.com
Attorneys for The Huntington National Bank

Kathryn E. Bettini
Roger Maldonado
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
E-mail: kathryn.bettini@faegredrinker.com
Email: Roger.Maldonado@faegredrinker.com
Attorney for Everline Franchising US, Inc.

Attn: Ford Motor Credit Company, LLC Department
AIS Portfolio Services, LLC
Account: XXXX7780
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118
Amitkumar Sharma
Claims Processor
Bankruptcy Servicer for Ford Motor Credit Company, LLC
ECFNotices@aisinfo.com
AIS Portfolio Services, LLC

Matthew H. Sloan
E-mail: mhs@jkwlawyers.com
JENNINGS HAUG KELEHER MCLEOD WATERFALL LLP
2800 North Central Avenue, Suite 1800
AZTurboCourt E-service and
Court Documents: docket@jkwlawyers.com
Attorneys for Creditor North Mill Equipment Finance LLC