_____
**Brenda K. Martin, Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

In re:

NEDDY, LLC,
*dba* FORTRESS ASPHALT,

        Debtor.

In Proceedings under Chapter 11

Case No. 2:25-bk-01459-BKM

**ORDER DISMISSING CHAPTER 11 CASE**

THIS MATTER came before the Court pursuant to the United States Trustee for the District of Arizona's (the "**UST**") *Motion to Convert or Dismiss Case* (the "**Motion**") that was filed on February 24, 2026 in the above captioned debtor's ("**Debtor**") case, to which Debtor filed a *Response* on March 26, 2026. ECF Nos. 155 and 158, respectively. A hearing was held on the Motion on April 2, 2026 at 2:30 p.m. (the "**April 2nd Hearing**"). At the April 2nd Hearing, Debtor's representative Michael Linthicum, Debtor's attorney Alan Meda, the subchapter V trustee Joseph Cotterman, and undersigned counsel for the UST (collectively, "**Parties**") were present. Based on the representation of the Parties that there would be little to no assets for a chapter 7 trustee to administer, the Court granted the Motion.

Pursuant to the UST's Motion, the Debtor's Response, the April 2nd Hearing, the record of this Chapter 11 Case, and good and sufficient cause appearing therefore,

**IT IS ORDERED** that this chapter 11 case is hereby DISMISSED pursuant to 11 U.S.C. § 1112(b);

**IT IS FURTHER ORDERED** that notwithstanding the dismissal of this case, the Court shall retain jurisdiction of any and all disputes related to.in connection with, or arising from any asserted administrative claim of Debtor's professionals, including any disputes among Debtor's professionals and The Huntington Bank ("**Bank**") related to, in connection with, or arising from the payment to such professionals, the Bank's consent to the use of cash collateral, and/or the priorities of claims to the cash collateral among the Debtor's professionals and the Bank.

**SIGNED AND DATED ABOVE**

- 2 -
